UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 3 0 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

)
CARLOS KIDD, )
)
      Plaintiff, )
)
v. ) Civil Action No. 09-1657
)
BARACK OBAMA, *et al.*, )
)
      Defendants. )
)

## MEMORANDUM OPINION

This matter is before the Court for consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff, who describes himself as an Atheist, alleges that the President of the United States and the Chairman of the Federal Reserve have violated the First Amendment's Establishment Clause because they are responsible for the printing and distribution of currency on which the "In God We Trust" is printed.[1] Compl. at 2. He demands that defendants "destroy[] or re-cycle <u>all</u> currently circulating currency, and replace it with new currency without any religious inscriptions." *Id.* at 3.

The Establishment Clause provides, "Congress shall make no law respecting an

---

[1] Insofar as plaintiff brings this action under the Federal Tort Claims Act, *see* Compl. at 2, 3, the Court presumes without deciding that the complaint adequately states such a claim and that plaintiff has exhausted his available administrative remedies under the Act prior to filing this action.

1

establishment of religion. . . ." U.S. Const. amend. I. The Supreme Court instructs that "the purpose of the Establishment and Free Exercise Clauses of the First Amendment is 'to prevent, as far as possible, the intrusion of either [the church or the state] into the precincts of the other.'" *Lynch v. Donnelly*, 465 U.S. 668, 672 (1984) (citing *Lemon v. Kurtzman*, 403 U.S. 602, 614 (1971)). Further, it instructs that "the Constitution [does not] require complete separation of church and state; it affirmatively mandates accommodation, not merely tolerance, of all religions, and forbids hostility toward any." *Id.* (citations omitted).

Courts consistently have held that the inscription of the phrase "In God we trust" does not violate the Establishment Clause. *See Gaylor v. United States*, 74 F.3d 214, 217-18 (10th Cir.) (concluding that the statutes establishing 'In God we trust' as our national motto and providing for its reproduction on United States currency do not violate the Establishment Clause.), *cert. denied*, 517 U.S. 1211 (1996); *Aronow v. United States*, 432 F.2d 242, 243 (9th Cir. 1970); *O'Hair v. Blumenthal*, 462 F. Supp. 19, 20 (W.D. Tex. 1978) (concluding that use of the motto "In God We Trust" on national coin and currency does not violate the First Amendment), *aff'd*, 588 F.2d 1144 (5th Cir.), *cert. denied*, 442 U.S. 930 (1979); *see Freethought Soc'y of Greater Philadelphia v. Chester County*, 334 F.3d 247, 264-65 (3d Cir. 2003) (commenting that "phrases such as 'In God We Trust' and 'God save the United States and this Honorable Court' are non-sectarian and would not be used as prayer themselves"). As the Ninth Circuit has observed:

> It is quite obvious that the national motto and the slogan on coinage and currency 'In God We Trust' has nothing whatsoever to do with the establishment of religion. Its use is of a patriotic or ceremonial character and bears no true resemblance to a governmental sponsorship of a religious exercise.

*Aronow v. United States*, 432 F.2d at 243.

The Court will dismiss the complaint because it fails to state a First Amendment claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b)(1). An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/ Paul L. Friedman
United States District Judge

DATE: 10/26/09